# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Mundo Media Ltd., *et al.*, | Case No. 19-_____ (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**DECLARATION OF ERNST & YOUNG INC. IN ITS CAPACITY AS COURT-APPOINTED RECEIVER AND MANAGER OF THE DEBTORS IN SUPPORT OF (I) CHAPTER 15 PETITIONS FOR RECOGNITION OF FOREIGN PROCEEDING; (II) MOTION OF THE RECEIVER FOR ENTRY OF RELIEF IN AID OF FOREIGN PROCEEDING; AND (III) CERTAIN RELATED RELIEF**

Ernst & Young Inc., in its capacity as court-appointed receiver and manager (the "Receiver") of the Debtors, by and through Stuart Clinton, declares as follows:

1.  I am a Senior Vice President at Ernst & Young Inc. ("EY"), which has an office at 100 Adelaide Street West, Toronto, Ontario, Canada M4H 0B3. EY is the Receiver of all of the assets, undertakings and properties of Mundo Media Ltd., 2538853 Ontario Ltd., M Zone Marketing Inc., and AppThis Holdings, Inc. (collectively, the "Debtors").[2] The Receiver was appointed by the Superior Court of Justice (Commercial List) in Ontario, Canada (the "Canadian Court") in the proceeding captioned under Court File No.: CV-19-00617777-00CL

---

[1] The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Mundo Media Ltd. (Business No. 846288108RC0002); 2538853 Ontario Ltd. (Business No. 749181723); M Zone Marketing Inc. (6400) (FEIN); and AppThis Holdings, Inc. (2325) (FEIN). The Debtors' mailing address is 120 East Beaver Creek Road, Richmond Hill, Ontario, Canada L4B 4V1. The Receiver and Foreign Representative is Ernst & Young Inc., 100 Adelaide Street West, Toronto, Ontario, Canada M4H 0B3.

[2] EY is also the Receiver for the following affiliates of the Debtors in the Canadian Proceeding: Mundo Inc., 2518769 Ontario Ltd., 2307521 Ontario Inc., Find Click Engage, LLC, Mundo Media (US), LLC, Movil Wave S.á r.l., Mundo Media (Luxembourg) S.á r.l., and Mogenio S.A. The Receiver is not seeking recognition of the Canadian Proceeding with respect to these entities at this time, but reserves the right to do so in the future as necessary or desirable. The Receiver also acted as receiver and manager of non-debtor affiliates Fli Digital, Inc., 36 Labs, LLC., and Active Signal Marketing, LLC; however, these affiliates have been sold.

(the "Canadian Proceeding") by the *Order (appointing Receiver)* (the "Receivership Order") entered on April 9, 2019 under Canada's *Bankruptcy and Insolvency Act*.

2. I am a chartered professional accountant, a chartered insolvency and restructuring professional and a licensed insolvency trustee in Canada. I have more than 20 years of experience providing advice to senior representatives of debtors, creditors and other key stakeholders in a variety of Canadian and cross-border restructuring situations. I have acted in court-appointed and privately appointed capacities. I have significant experience in the telecommunications, automotive, general manufacturing, entertainment and real estate sectors. My representative engagements include Amcan Consolidated Technologies, Livent, the Canadian Red Cross, Tee-Comm Electronics, Unitel Communications and MaxLink Communications.

3. Prior to the commencement of the Canadian Proceeding and appointment of the Receiver, EY was engaged as financial advisor to the Royal Bank of Canada ("RBC") pursuant to a retainer agreement with RBC's legal counsel, with the consent of the Debtors, beginning in February 2019 and was involved in discussions with management of the Debtors and the Debtors' financial advisors regarding the Debtors' cash flow, recent operational and financial results and the process to maximize value of the Debtors and their assets. I led that engagement for EY and I have led the engagement for EY as Receiver since its appointment on April 9, 2019.

4. In these capacities, I have investigated the business and affairs of the Debtors to the best of my ability and I make this declaration based on that investigation. I have read the papers filed contemporaneously with this declaration, including the *Motion of the Receiver as Foreign Representative for Entry of an Order Granting Recognition of Foreign*

*Proceeding and Certain Related Relief under Sections 105(a), 362, 365, 1517, 1520, and 1521 of the Bankruptcy Code* (the "<u>Recognition Motion</u>"), and believe the statements in those papers to be true and correct to the best of my knowledge based on my investigation.

5. The Receivership Order expressly empowered and authorized the Receiver "to seek recognition of this Order in any jurisdiction where the Property of the Debtors may be located, and to take any and all steps that it deems appropriate or advisable with respect to enforcing this Order or any subsequent Orders of this Court in all such jurisdictions." Receivership Order ¶ 3(o). The Receivership Order further states that "the Receiver . . . is hereby authorized and empowered to apply to any court . . . wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and . . . to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada." *Id.* ¶ 33. Additionally, the Canadian Court, by the Receivership Order, has requested assistance from the courts of the United States to give effect to the Receivership Order and to assist the Receiver and its agents in carrying out the terms of the Receivership Order. *Id.* ¶ 32.

6. Contemporaneously with the filing of this declaration, I have caused to be filed, on behalf of the Receiver as authorized foreign representative of the Debtors, petitions for recognition of the Canadian Proceeding in the United States under chapter 15 of title 11 of the United States Code.

7. As foreign representative for the Debtors, the Receiver seeks recognition of the Canadian Proceeding as the foreign main proceeding of each of the Debtors, or, in the alternative, as a foreign nonmain proceeding. The Receiver also seeks certain related relief necessary to preserve value and administer these chapter 15 cases.

8.     The Debtors are advertising technology companies that offer online marketing expertise to their customers.  Their services focus on audience targeting, brand development and more.   The Debtors also offer MUNDOTrack, a data platform that enables its users to manage their marketing campaigns.  The parent companies of the Debtors share a common director and the Debtors share Canadian headquarters.   The Debtors are all obligees or guarantors of the RBC debt.

9.     As of April 8, 2019, the Debtors employed approximately 45 salaried employees across Canada, the United States, Luxembourg and Israel.

10.    Although the Debtors operated in various locations prior to appointment of the Receiver, the primary location from which the Debtors operated was Richmond Hill, Ontario. Furthermore, all significant strategic, corporate and financial management decisions were made at this location.

11.    Since its appointment on April 9, 2019, the Receiver has managed all of the Debtors' assets, operations and other affairs and interests from the Debtors' office in Richmond Hill, Ontario and the Receiver's offices in Toronto, Ontario.

12.    The Receiver is conducting an orderly liquidation of the Debtors' assets and it needs to protect and preserve the assets during the process.  Accordingly, upon recognition of the Canadian Proceeding, the Receiver seeks relief to protect potentially valuable contractual relationships.  This relief is necessary to prevent the Debtors' creditors from attempting to interfere with U.S. contracts with the Debtors, or refuse to recognize and/or interfere with the Receiver's authority to monetize on the Debtors' assets.

13.    In particular, the Receiver must have certainty that counterparties to United States contracts will not terminate or exercise remedies under their respective

4

agreements, will continue to perform and will meet all obligations owing under such contracts. Without the preservation of their contractual relationships, the Debtors and their creditors may lose the benefit of these agreements, litigation may ensue, and counterparties may obtain unfair advantages over other creditors.

14. The relief requested is consistent with the Receivership Order, which, among other things, stays all creditor collection action against the Debtors or their assets (paragraph 12), prohibits contract counterparties from terminating contracts with the Debtors (paragraph 13), and empowers the Receiver to manage, operate and carry on the business of the Debtors (paragraph 3(c)), as well as to take possession and control over all of the Debtors' property (paragraph 3(a)).

15. The Receiver also seeks certain administrative relief such as consolidating these cases for procedural purposes and establishing noticing procedures. I have reviewed the motions requesting such relief and believe the relief is necessary and appropriate under the circumstances because it will facilitate administration of these cases for the Court, the Receiver, and other parties in interest, and will help reduce costs and expenses to all parties' benefit.

16. For additional background, I have attached to this declaration a true and correct copy of the full Application Record filed with the Canadian Court to commence the Canadian Proceeding.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

                                        Ernst & Young Inc.
                                        Solely in its capacity as court-appointed Receiver, Manager and Foreign Representative, and not in its personal or corporate capacity

Dated: June 18, 2019                     per: _____
       Toronto, Ontario                      Stuart Clinton
                                                          Senior Vice President